IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHASITY C., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:22-cv-01143-D-BT |
| § | |
| KILOLO KIJAKAZI, ACTING § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Chasity C.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security (ECF No. 1). The District Court referred the case to the United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the Magistrate Judge recommends that the District Court REVERSE the Commissioner's decision and REMAND the case to the Commissioner.

## Background

Plaintiff alleges that she is disabled due to ailments including bipolar disorder, post-traumatic stress disorder, anxiety, diabetes, and musculoskeletal

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

disorders. Admin. R. 64, 251 (ECF No. 15-1).[2] Plaintiff was born in 1982, and she claims that she has been disabled since April 9, 2018. Admin. R. 61-62. Plaintiff is a high school graduate. Admin. R. 252. She has past relevant work experience as a front desk receptionist. Admin. R. 106.

Plaintiff applied for supplemental security income benefits on February 5, 2019. Admin. R. 72. Her claim was denied initially on May 30, 2019, and it was later denied again upon reconsideration on December 3, 2019. Admin. R. 72, 90. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), who conducted a telephonic administrative hearing on January 7, 2021, and a supplemental telephonic administrative hearing on June 23, 2021, at which Dr. Julie Duncan, a consultative psychologist, appeared and testified.[3] Admin. R. 7-38, 39-55.

The ALJ found Plaintiff was not disabled and thus not entitled to disability benefits. Admin. R. 91, 95. Utilizing the five-step sequential evaluation,[4] the ALJ

---

[2] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.
[3] Because of the extraordinary circumstances presented by the COVID-19 pandemic, the ALJ was unable to conduct the hearing by video.
[4] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.*

first found that Plaintiff had not engaged in substantial gainful activity since her application date. Admin. R. 96. At the second step, the ALJ noted that Plaintiff experienced severe impairments of "ankle fracture status post ORIF; bipolar disorder; borderline personality disorder; and a substance abuse disorder, currently in remission." Admin. R. 96.[5] At the third step, although she acknowledged the medical evidence establishing that Plaintiff suffered from bipolar disorder and borderline personality disorder, the ALJ determined that Plaintiff's severe mental impairments do not meet or medically equal any listed impairment in appendix 1 of the social security regulations. Admin. R. 100.

Next, the ALJ conducted a residual functional capacity (RFC) assessment. She found that Plaintiff has the RFC to "perform less than the full range of light work," including the capacity to "occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; and frequently balance, stoop, kneel, crouch, and crawl." Admin. R. 97. The ALJ acknowledged that Plaintiff's severe mental impairments of bipolar disorder and borderline personality disorder cause

---

at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

[5] While the ALJ considered Plaintiff's physical impairment relating to her ankle fracture, in her Appellant brief before this Court, Plaintiff only addresses her alleged disability related to her mental impairments. The Court, therefore, limits its discussion to Plaintiff's allegations of disability related to mental impairments.

3

limitations in her ability to interact with others, found that she has moderate limitation in this functional domain, and concluded that Plaintiff

> can perform simple and routine tasks; can tolerate occasional changes in a work setting; [can] make simple work-related decisions; [and] can perform jobs that require no more than occasional and superficial interaction with co-workers, i.e. no collaborative or tandem tasks; and can perform work that does not require direct interaction with the general public as part of job duties.

Admin. R. 102.

Finally, relying on the testimony of a vocational expert, the ALJ determined that while Plaintiff cannot perform her past relevant work as a front desk receptionist, she could perform other substantial gainful activity such as a price marker, small products assembler, or mail clerk, and that such jobs existed in significant numbers in the national economy. Admin. R. 107-08. Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act and not entitled to benefits. Admin. R. 108.

Plaintiff appealed the ALJ's decision to the Appeals Council. Admin. R. 6. The Appeals Council found that the appeal did not provide a basis for modifying the ALJ's decision. Admin. R. 6-11. Plaintiff then filed this action in federal district court.

## Legal Standard

The Court's "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the [ALJ] applied the proper legal standard.'"

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Copeland*, 771 F.3d at 923 ("Substantial evidence is more than a mere scintilla and less than a preponderance.").

The ALJ, and not the courts, resolves conflicts in the evidence; the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam). Hence, the Court may not substitute its own judgment for the ALJ's, and it may affirm only on the grounds that the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923. If the Commissioner's findings are supported by substantial evidence, the findings are conclusive, and the Commissioner's decision must be affirmed. *Martinez*, 64 F.3d at 173. A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Nevertheless, the substantial evidence review is not an uncritical "rubber stamp" and requires "more than a search for evidence supporting the [ALJ's] findings." *Hill v. Saul*, 2020 WL 6370168, at *6 (N.D. Tex. Sept. 29, 2020) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)), *adopted by* 2020 WL 6363878 (N.D. Tex. Oct. 29, 2020) (Lindsay, J.). The Court "must scrutinize the record and take into account whatever fairly detracts from the substantiality of the

5

evidence supporting" the ALJ's decision. *Id.* (quoting *Martin*, 748 F.2d at 1031). A no-substantial-evidence finding is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Id.* (citation omitted).

## Analysis

Plaintiff challenges the hearing decision on the grounds that (1) the ALJ's RFC assessment pertaining to her limitations in social functioning resulting from her severe mental impairments is not supported by any medical opinion of record and, therefore, is not supported by substantial evidence; and (2) the ALJ erred in failing to make a separate finding on Plaintiff's ability to sustain employment. Pl.'s Br. 16-26 (ECF No. 18). With respect to Plaintiff's first argument, the Commissioner disputes Plaintiff's characterization and responds that the ALJ's decision is supported by substantial evidence because the ALJ does not need to endorse a specific medical opinion to support her RFC finding; instead, the ALJ relied on objective medical evidence, Plaintiff's reported daily activities, and the less restrictive findings of the state agency psychological consultants to support her ruling. Def.'s Br. 7-10 (ECF No. 20). With respect to Plaintiff's second argument, the Commissioner argues that no separate sustainability finding was required. Def.'s Br. 16-18.

### 1. The ALJ's RFC Assessment

Plaintiff contends that the ALJ's mental RFC is not supported by substantial evidence. Specifically, she argues that the ALJ did not identify any functional

assessment by a medical expert that provided a basis for her determination of Plaintiff's limitations in social functioning. Instead, Plaintiff argues, the ALJ relied on her own unsupported opinion as to the limitations presented by Plaintiff's mental impairments and, as such, her mental RFC finding is not supported by substantial evidence. Pl.'s Br. 16. The Court agrees.

The ALJ bears the "sole responsibility for determining the [plaintiff's] disability status." *Thibodeaux v. Astrue,* 324 F. App'x 440, 443 (5th Cir. 2009) (citing *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000)). "Determining a [plaintiff's RFC] is the ALJ's responsibility, and [the ALJ] has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." *Gonzales v. Astrue,* 231 F. App'x 322, 324 (5th Cir. 2007) (per curiam). A reviewing court must defer to the ALJ's decision when substantial evidence supports it, even if the court would reach a different conclusion based on the evidence in the record. *Leggett,* 67 F.3d at 564.

An ALJ's RFC analysis determines the most that a person can still do despite recognized limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is a "combined medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work." *Hill,* 2020 WL 6370168, at *6 (cleaned up) (quoting *Hollis v. Bowen,* 837 F. 2d 1378, 1386-87 (5th Cir. 1988) (per curiam)). It "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling (SSR) 96-

8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996). An individual's RFC should be based on all of the relevant evidence in the case record, including opinions submitted by treating physicians or other acceptable medical sources. 20 C.F.R. at § 404.1545(a)(3) (2012); SSR 96-8p, 1996 WL 374184, at *1.

ALJs may weigh competing medical opinions, *see Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012), but may not substitute their lay opinions for the uncontroverted medical opinion of examining medical professionals who opine on the effects of Plaintiff's mental impairments. *See Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009); *see also Demarcus G. v. Kijakazi*, 2021 WL 6297778, at *4 (N.D. Tex. Dec. 17, 2021) (Rutherford, M.J.) ("An ALJ may weigh competing medical opinions, but may not substitute his lay opinion for the uncontroverted medical opinion of examining medical professionals who opined concerning the effects of Plaintiff's mental impairments . . . ." (internal citation omitted)), *adopted by* 2022 WL 60333 (N.D. Tex. Jan. 5, 2022) (Scholer, J.). ALJs need not accept expert medical opinions "verbatim nor accept[] the testimony of [a medical expert]," but they must have substantial evidence in support of their RFC determination. *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). "The principle that an ALJ should not substitute his lay opinion for the medical opinion of experts is especially profound in a case involving a mental disability." *Salmond v. Berryhill*, 892 F.3d 812, 818 (5th Cir. 2018) (quoting *Morales v. Apfel*, 225 F.3d 310, 319 (3rd Cir. 2000)).

In *Ripley v. Chater*, the United States Court of Appeals for the Fifth Circuit found that the ALJ's determination was not substantially supported when there was copious evidence in the record indicating that the claimant suffered from, and received treatment for, his medical condition, but no medical professional's assessment pertaining to the *effects* of that condition on the claimant's ability to work. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The same is true here.

At step two, the ALJ found that Plaintiff's severe mental impairments included bipolar disorder and borderline personality disorder. Admin. R. 96. At step four, the ALJ determined, in pertinent part, that Plaintiff

> can perform simple and routine tasks; can tolerate occasional changes in a work setting; [can] make simple work-related decisions; [and] can perform jobs that require no more than occasional and superficial interaction with co-workers, i.e. no collaborative or tandem tasks; and can perform work that does not require direct interaction with the general public as part of job duties.

Admin. R. 102.

In determining Plaintiff's mental RFC, the ALJ reviewed, among other evidence, the medical opinions of two state agency psychological consultants, Don B. Johnson, Ph.D. and Matthew Turner, Ph.D., each of whom evaluated Plaintiff's medical records and concluded she had moderate limitations in the functional domain of interacting with others. Admin R. 104-05.

At the initial level on May 29, 2019, Dr. Johnson concluded that Plaintiff "can maximally understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact

9

adequately with co-workers and supervisors, and respond appropriately to changes in a routine work setting." Admin. R. 104. He also opined that Plaintiff "had mild limitations in understanding, remembering, and applying information; moderate limitations in interacting with others and concentrating, persisting, or maintaining pace; and no limitations in adaptation or self-management." Admin. R. 104. While the ALJ found Dr. Johnson's opined limitations "generally supported" and "somewhat persuasive," with regard to the discrete issue of Plaintiff's ability to interact with others, the ALJ found that his opinion was "**internally inconsistent** to assess moderate limitation in the paragraph B criterion of interacting with others[,] but not assess functional capacity limitations in this area." Admin. R. 104 (emphasis added).

At the reconsideration level on December 3, 2019, Dr. Turner concluded that Plaintiff "can maximally understand, remember, and carry out detailed but not complex instructions, make decisions, attend and concentrate for extended periods, interact adequately with coworkers and supervisors, and respond appropriately to changes in routine work settings." Admin. R. 105. He also opined that Plaintiff "had moderate limitations in understanding, remembering, and applying information; moderate limitations in interacting with others and concentrating, persisting, or maintaining pace; and no limitations in adaptation or self-management." Admin. R. 105. The ALJ found that the limitations assessed by Dr. Turner were "unpersuasive and inconsistent with the moderate B criteria that

10

he assessed, particularly as to interacting with others and understanding, remembering, and applying information." Admin. R. 105.

Additionally, the ALJ reviewed the examining psychologist Dr. Duncan's opinion. Dr. Duncan opined, among other things, that Plaintiff "does not have the abilities to relate to and work with supervisors, coworkers, and the public." Admin. R. 105. The ALJ found that Dr. Duncan's opinion on Plaintiff's inability to relate to and work with supervisors, coworkers, and the public was unpersuasive based upon the "longitudinal records," noting that Plaintiff "was able to establish rapport and be cooperative with providers, to include Dr. Duncan." Admin. R. 105.

Notably, the ALJ failed to identify any evidence clearly establishing the actual effect Plaintiff's mental conditions had on her ability to work. *See Ripley*, 67 F.3d at 557. It is improper for the ALJ to infer what Plaintiff's mental capabilities to work are based on her own interpretation of those records, at least without the assistance of an examining or treating physician. *See id.* at 557 n.27 ("Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's condition, no matter how 'small,' on his ability to perform sedentary work."); *see also Tyria R. v. Saul*, 2020 WL 10050779, at *11 (N.D. Tex. March 6, 2020) (finding the ALJ's mental RFC was not supported by substantial evidence where the ALJ made an RFC determination without medical evidence addressing the effects of Plaintiff's impairment on her ability to work), *adopted by* 2020 WL 1434516 (Mar. 20, 2020) (Scholer, J.); *compare*

11

*Steven K. v. Kijakazi*, 2022 WL 1056920, at *12 (N.D. Tex. Jan. 19, 2022) (Rutherford, M.J.) (finding that substantial evidence supported the ALJ's RFC assessment where she did not use her own lay interpretation of the medical record to determine a claimant's RFC; she partially relied on expert medical opinions to determine the impairment's effects on the claimant's ability to work), *adopted by* 3:20-cv-1655-G-BT (N.D. Tex. Feb. 9, 2022) (Fish, J.), ECF No. 21 (sealed).

The Court rejects the Commissioner's argument that the state agency psychological consultants' assessments provide medical opinion evidence to support the ALJ's finding on the extent of Plaintiff's limitations in social functioning resulting from her severe mental impairments. *See* Def.'s Br. 7. Although the Commissioner is correct that the ALJ considered certain portions of Dr. Johnson's assessment as "somewhat persuasive," *see* Def.'s Br. 7, her findings, at least insofar as they relate to Plaintiff's limitations in social functioning, are to the contrary. The ALJ rejected the social functioning limitations assessed by Dr. Johnson because his opinion was "internally inconsistent to assess moderate limitation in the paragraph B criterion of interacting with others[,] but not assess functional capacity limitations in this area." Admin. R. 104. She found that the limitations assessed by Dr. Turner were "unpersuasive and inconsistent with the moderate B criteria that he assessed, particularly as to interacting with others and understanding, remembering, and applying information." Admin. R. 105.

While other medical records discuss the range of Plaintiff's mental impairments, none describe the *effects* of those impairments on Plaintiff's ability

12

to work. Without any analysis of the effects of her mental limitations on her ability to work included in any medical records, the ALJ relied on her own assessment of the raw medical data and her own opinion as the basis for finding at step four that Plaintiff can perform work that does not require "more than occasional and superficial interaction with co-workers, i.e. no collaborative or tandem tasks[,]" and "does not require direct interaction with the general public as part of job duties." Admin. R. 104. Although the ALJ may choose to reject medical sources' opinions, she cannot then independently decide the effects of Plaintiff's mental impairments on her ability to perform work-related activities, as that is prohibited by *Ripley,* 67 F.3d at 557-58, even if the ALJ believes she is "simply giving [Plaintiff] the benefit of the doubt as to what limitations might apply." *Thornhill v. Colvin,* 2015 WL 232844, at \*10 (N.D. Tex. Dec. 15, 2014), *adopted by* 2015 WL 232844 (N.D. Tex. Jan. 16, 2015) (Lynn, J.) Rather, at that point, it became incumbent upon the ALJ to obtain an expert medical opinion about the types of work tasks that Plaintiff could still perform given her impairments. *See Ripley,* 67 F.3d at 557.

      Finally, the Commissioner argues that this decision is not aligned with the Social Security Administration's (SSA) promulgated regulations and Social Security Rulings (SSR). Def.'s Br. 5-6. The SSA regulations and policies do not necessitate medical opinions. *See* 20 C.F.R. § 416.927(a)(2); SSR 96-8p, *supra*.[6]

---

[6] The Commissioner also relies on the July 2, 1996, Social Security Ruling 96-5p, Def.'s Br. 5, but this was rescinded in March 2017, *see* Rescission of Social Security

13

The SSA regulations do not *require* medical opinions be included in the record nor do they *require* specific weight be given to any specific opinion. *See* 20 C.F.R. § 416.1520c(a). But, as previously explained, what the ALJ may not do is make her own decisions about the extent of effects of medical impairments without evidence to determine a plaintiff's RFC. *See Ripley*, 67 F.3d at 557. As previously stated, the ALJ here rejected Dr. Duncan's medical opinion about the effects of Plaintiff's mental limitations, acknowledged that both state agency psychological consultants failed to account for any limitation in interacting with others despite concluding that Plaintiff had moderate limitation in this functional domain, and made her own determination of the effects of Plaintiff's mental limitations on her ability to work. Consequently, substantial evidence does not support the mental aspect of the ALJ's RFC finding with respect to the effects of Plaintiffs' mental conditions on her ability to interact with others in the workplace. *See Williams*, 355 F. App'x at 831-32 (reversing and remanding where the ALJ rejected the opinions of the claimant's treating physicians and relied on his own medical opinions as to the limitations presented by the claimant's back problems in determining RFC).

### 2. Prejudice

Because "[p]rocedural perfection in administrative proceedings is not required" and a court "will not vacate a judgment unless the substantial rights of a

---

Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263, 15263 (Mar. 27, 2017); *see also* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5845 (Jan. 18, 2017).

party have been affected," Plaintiff must show she was prejudiced by the ALJ's failure to rely on medical opinion evidence in assessing her RFC. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam). To establish prejudice, she must show that the ALJ's failure to rely on a medical opinion as to the effects that her impairments had on her ability to work casts doubt on the existence of substantial evidence supporting her disability determination. *See McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. 2008) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

The ALJ's failure to rely on a medical opinion in determining Plaintiff's RFC, specifically as to her social functioning, casts doubt as to whether substantial evidence exists to support the finding that she is not disabled. *See Williams*, 355 F. App'x at 832 (finding the decision denying the claimant's claim was not supported by substantial evidence when the RFC was not supported by substantial evidence because the ALJ rejected the opinions of the claimant's treating physicians and relied on his own medical opinions as to the limitations presented by the claimant's back problems in determining the RFC); *see also Tyria R.*, 2020 WL 10050779, at *13 (reversing and remanding for further proceedings for lack of substantial evidence because of the ALJ's failure to rely on a medical opinion in determining the plaintiff's RFC); *Thornhill*, 2015 WL 232844, at *11 (finding prejudice and

15

remanding "where the ALJ could have obtained evidence that might have changed the result—specifically, a medical source statement"). Accordingly, the error is not harmless, and remand is required on this issue.[7]

## Recommendation

For the reasons stated, the Court should REVERSE the Commissioner's decision and REMAND for further proceedings.

SO RECOMMENDED.

July 5, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[7] Because the ALJ's determination of Plaintiff's RFC on remand will likely affect the remaining issue of whether a separate finding on Plaintiff's ability to sustain employment is required, the Court pretermits consideration of this issue.